SALTER, J.
(concurring).
I concur that Ms. Vega’s prior trial testimony was relevant, admissible, and erroneously excluded. The State did not actually raise and argue an objection based on 90.403. When the defense announced (at the close of the prosecution case) its change of position and intention to introduce the prior testimony, both sides initially thought that a showing of current unavailability of the declarant was required. The trial court studied this and informed the attorneys that the pertinent case law and Professor Ehrhardt’s Florida Evidence, 2007 edition, pages 966-67, stated a showing of unavailability was not required for prior sworn testimony sought to be admitted by the defense if (as here) the opposing party was afforded a full opportunity to cross-examine the declarant. The trial court then observed that the Ehrhardt commentary on 90.803(22) in- *944 eluded a comment that, “all evidence is always subject to a 90.403 analysis.”
The State expressed concerns that it had insufficient time to subpoena Ms. Vega (because it would want to cross-examine her on certain points in person), that the State would need additional rebuttal witnesses, and that reading the transcript of Ms. Vega’s prior trial testimony might take two days. Ultimately, the prejudice found by the trial court for purposes of 90.403 was “gamesmanship” in demanding speedy trial followed by the failure to find and subpoena Ms. Vega for in-court testimony, followed by the decision to offer her prior trial testimony. The trial court also stated that both sides had called Ms. Vega’s testimony “totally incredible” and that “the testimony would only confuse the jury.”
A review of Ms. Vega’s prior trial testimony does not reveal the kinds of prejudice or unfairness to be weighed under section 90.403. Late notice or “gamesmanship” regarding the use of the testimony in the defense case is a different issue governed by other rules and decisions. The burden is on the party objecting to the admissibility of the evidence on the basis of 90.403 “to demonstrate that the probative value is ‘substantially outweighed’ by one of the countervailing factors.” Ehrhardt, § 403.1 at 184 (footnote and citation omitted). The State made no such showing.
As to probative value, in this case, the State told the trial court, regarding Ms. Vega, “... this is a significant witness who is more — I mean we are talking about a major witness, a major witness.... ” The State had a full and fair opportunity to cross-examine Ms. Vega during the first trial — which addressed the same charges and facts — and there is thus no reasonable basis for excluding the prior testimony.
For these additional reasons, I concur in the reversal and remand for a new trial.